**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:20-CV-490 |
| Plaintiff, | : | Judge Michael J. Newman |
| v. | : | |
| FIFTEEN THOUSAND TWO HUNDRED AND 00/100 DOLLARS ($15,200.00) IN UNITED STATES CURRENCY, | : : | |
| Defendant. | : | |

**DEFAULT JUDGMENT IN A CIVIL CASE
AND DECREE OF FORFEITURE OF THE DEFENDANT**

[ ] **Jury verdict.** This action came before the Court for a trial by Jury. The issues have been tried and the jury has rendered its verdict.

[ ] **Decision by Court.** The action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

[x] **Decision by Court.** This action was decided without a trial or hearing.

This matter comes before the Court on the motion of the United States for a default judgment and decree of forfeiture (Doc. 10). The instant motion seeks a default judgment against Fifteen Thousand Two Hundred and 00/100 Dollars in United States Currency ($15,200.00), Devantae Thompson, and all other persons and entities who might have an interest in the defendant. The motion also seeks a decree of forfeiture against the defendant.

The United States filed a Verified Complaint for Forfeiture on December 10, 2020. (Doc. 1.) This is a civil forfeiture action *in rem* brought against Fifteen Thousand Two Hundred and 00/100 Dollars in United States Currency ($15,200.00). (*Id.*) David M. Ashley, who is a Special Agent with the Drug Enforcement Administration, verified the complaint. (*Id.*)

The complaint alleges that the defendant is subject to forfeiture, pursuant to 21 U.S.C. § 881(a)(6), because the defendant represents property furnished or intended to be furnished by a person in exchange for a controlled substance, represents proceeds traceable to such an exchange, or was used or intended to be used to facilitate any violation of 21 U.S.C. § 841 or a conspiracy to commit such offense in violation of 21 U.S.C. § 846.  (*Id.*)

A Warrant of Arrest *In Rem*, issued by the Court on December 18, 2020, directed the United States Marshal Service ("USMS"), the Drug Enforcement Administration, any duly authorized law enforcement officer, or their delegate(s) to arrest the defendant.  (Doc. 3.)  In accordance with the warrant, the USMS arrested the defendant, bringing it within the jurisdiction of the Court.  (Doc. 5.)

Pursuant to Rule G(4)(b)(i) of the Supplemental Rules, "[t]he government must send notice of the action with a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government before the end of the time for filing a claim under Rule G(5)(a)(ii)(B)."  The direct notice instructs the potential claimant or the potential claimant's attorney of the following:  1) the date when the notice was sent, 2) the deadline for filing a claim which is at least 35 days after the notice was sent, 3) that an answer or a motion under Rule 12 must be filed no later than 21 days after filing the claim, and 4) the name of the government attorney to be served with the claim and answer.  Supplemental Rule G(4)(b)(ii).  "The notice must be sent by means reasonably calculated to reach the potential claimant."  Supplemental Rule G(4)(b)(iii)(A).

In this case, the United States represents that it sent direct notice of this action with a copy of the complaint to the known potential claimant.

2

On December 30, 2020, the United States sent direct notice and a copy of the complaint by certified and regular U.S. Mail to potential claimant Devantae Thompson and advised him that the deadline for filing a claim was February 3, 2021.  (Doc. 6, Exhibit 1.)

Pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules, the United States is required to publish notice in a manner reasonably calculated to notify potential claimants of the civil forfeiture action on an official internet government forfeiture site for at least 30 consecutive days.

The United States posted notice of this civil forfeiture action on the official internet government forfeiture site, (www.forfeiture.gov), beginning on December 18, 2020, for 30 consecutive days.  (Doc. 7.)

On February 18, 2021, the Clerk of this Court filed an Entry of Default against the defendant, under Rule 55(a) of the Federal Rules of Civil Procedure, for failure to plead or otherwise defend as required by law.  (Doc. 9.)

No person or entity has filed a claim to the defendant or an answer to the complaint, and the time to do so has expired.

Therefore, it is hereby ORDERED that, in accordance with Rule 55(b)(2) of the Federal Rules of Civil Procedure, a default judgment is granted to the United States against the following:

1. The defendant, Fifteen Thousand Two Hundred and 00/100 Dollars in United States Currency ($15,200.00);

2. Devantae Thompson; and

3. All other persons and entities who might have an interest in the defendant,

for failure to file a claim and answer pursuant to 18 U.S.C. § 983(a)(4)(A) and (B) and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

It is further ORDERED, ADJUDGED, AND DECREED that:

1. All right, title and interest in the defendant is CONDEMNED and FORFEITED to the United States, pursuant to 21 U.S.C. § 881(a)(6), because the defendant represents property furnished or intended to be furnished in exchange for a controlled substance, represents proceeds traceable to such an exchange, or was used or intended to be used to facilitate any violation of 21 U.S.C. § 841 or a conspiracy to commit such offense, in violation of 21 U.S.C. § 846;

2. All right, title, and interest in the defendant is vested in the United States, and no right, title, or interest shall exist in any other person or entity;

3. The United States or an authorized agent thereof shall dispose of the defendant in accordance with the law;

4. The Court shall retain jurisdiction to enforce the terms of this Order; and

5. This case is terminated on the docket of this Court.

Date: 03/03/2021

    s/Michael J. Newman
HON. MICHAEL J. NEWMAN
UNITED STATES DISTRICT JUDGE